F I L E D
United States Court of Appeals
Tenth Circuit

March 24, 2006

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

RODNEY ALAN GUNDERSON,

Petitioner-Appellant,

v.

SCOTT ABBOTT, Warden of the
Wyoming State Penitentiary, and THE
ATTORNEY GENERAL OF THE
STATE OF WYOMING,

Respondents-Appellees.

No. 05-8125

(D. of Wyo.)

(D.C. No. 04-CV-353-WFD)

**ORDER DENYING CERTIFICATE OF APPEALABILITY** *

Before **TACHA** , Chief Judge, **HARTZ** , and **TYMKOVICH** , Circuit Judges. **

Petitioner-Appellant Rodney Alan Gunderson, a state prisoner appearing

pro se, seeks to appeal the dismissal of his petition for writ of habeas corpus.

Gunderson filed his petition pursuant to 28 U.S.C. § 2254 in the United States

---

* This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders; nevertheless, an order may be cited under the terms and
conditions of 10th Cir. R. 36.3.

** After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

District Court for the District of Wyoming. The district court dismissed his petition as untimely and also denied his application for a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(1) (requiring a petitioner in state custody to obtain a COA before appealing a district court's final order in a habeas corpus proceeding). Gunderson appeals from that ruling, requesting a COA from this court. Because Gunderson has failed to show that reasonable jurists would find the district court's procedural ruling debatable, we deny a COA and dismiss the appeal.

## I. Background

Rodney Alan Gunderson was convicted in a bifurcated jury trial on three counts of aggravated assault and battery and was sentenced to life imprisonment as a habitual criminal. His convictions were entered by the trial court on May 19, 1995, and affirmed by the Wyoming Supreme Court on October 11, 1996. Gunderson filed a petition for rehearing, which the state supreme court denied on October 29, 1996. Gunderson never petitioned the United States Supreme Court for writ of certiorari.

Gunderson did not immediately pursue any form of state post-conviction relief. Instead, he moved directly into a federal forum, filing a habeas petition in the Wyoming district court on October 31, 1997. The district court dismissed the petition without prejudice on May 6, 1999, for failure to exhaust state court

remedies. That decision was affirmed by the Tenth Circuit on November 22, 1999, *Gunderson v. Hettgar*, 201 F.3d 447 (10th Cir. 1999) (unpublished), and the United States Supreme Court denied certiorari on December 11, 2000, *Gunderson v. Hettgar*, 531 U.S. 1053 (2000).

On May 12, 2000, while his federal certiorari petition was pending, Gunderson filed a state law petition for post-conviction relief. That petition was dismissed by the state court on August 28, 2000. Over four years later, on October 22, 2004, Gunderson sought review of the dismissal by filing a petition for writ of certiorari with the Wyoming Supreme Court. This petition was denied on November 10, 2004.

Gunderson then returned to federal court, filing a second habeas petition in the district court on December 21, 2004. This petition was dismissed as untimely on November 29, 2005, and the district court denied Gunderson a COA on December 29, 2005.

## II. Discussion

This court may issue a COA if a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where, as here, the district court denies a habeas petition on procedural grounds, the burden is on the petitioner to demonstrate *both* "that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right, *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added). In Gunderson's case, we need not reach the substantive claims, because he has failed to show that the district court's procedural ruling was debatable.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides a one-year statute of limitations for all habeas petitions filed by state prisoners. 28 U.S.C. § 2244(d)(1). In this case, the period began running on January 27, 1997, when Gunderson's conviction became final by virtue of the expiration of the ninety-day period to file a petition for writ of certiorari with the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(A); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Thus, since the one-year limitation in AEDPA is calculated using the anniversary date method, *United States v. Hurst*, 322 F.3d 1256, 1259–61 (10th Cir. 2003), the deadline for filing a federal habeas petition in this case was January 27, 1998—nearly seven years before Gunderson filed the present petition.

Although his petition was clearly untimely, Gunderson contends his late filing should be excused. Construing his pleadings liberally, *Cummings v. Evans*,

161 F.3d 610, 613 (10th Cir. 1998), Gunderson makes a number of arguments, which fall under two main rubrics: (1) statutory tolling, and (2) equitable tolling.[1]

## A. Statutory Tolling

AEDPA allows the one-year period to be tolled for the "time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2). However, Gunderson cannot avail himself of this remedy because he failed to seek any post-conviction relief in state court until May 12, 2000, which was nearly two and a half years after the AEDPA deadline had passed. A state court filing submitted after the AEDPA deadline does not toll the limitations period. *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001). Nor can Gunderson use this provision to toll the deadline based

---

[1] Gunderson also attempts to argue that, because his second petition is not considered "successive" for purposes of 28 U.S.C. § 2244(b)(2), it should not be given its own filing date for purposes of § 2244(d)(1). The United States Supreme Court previously held, where a petitioner's first federal habeas petition is dismissed for failure to exhaust without ruling on the merits and the petitioner files a second federal habeas petition, it will be "treated as any other first petition" and is not a successive petition for purposes of the exacting review standards set forth in § 2244(b)(2). *Slack*, 529 U.S. at 487 (internal citations omitted). Gunderson argues that this means his second petition should be given the date of his first petition for purposes of § 2244(d)(1). However, this argument not only lacks support from the case law he cites but it cuts against another holding of the United States Supreme Court. *See Rhines v. Weber*, 125 S. Ct. 1528, 1533–35 (2005) (granting the district court limited discretion to stay proceedings on habeas petitions with unexhausted claims while acknowledging that, if the district court dismisses after the time limit has passed, a second petition will be untimely).

on his first federal habeas filing, because the United States Supreme Court has explicitly held that Congress's use of the word "State" indicates it did not intend to allow tolling based on federal filings. *Duncan v. Walker*, 533 U.S. 167, 172–73 (2001).

## B. Equitable Tolling

Equitable tolling is an extraordinary remedy employed by this court in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). We have held it is "only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). "Simple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808.

Gunderson supplies a number of reasons for his late filing, all of which attempt to shift responsibility to another party. First, he argues, the district judge caused him to miss his deadline by ruling on his initial habeas petition after the one-year period had passed and then dismissing the action instead of abating it while he exhausted his state court remedies. We already ruled in Gunderson's first appeal that these actions by the district court did not constitute an abuse of

discretion. *Gunderson*, 201 F.3d at *1. Moreover, the United States Supreme Court recently emphasized that, although district court delays may keep a petitioner from ever being heard on unexhausted habeas claims, the purposes of AEDPA require adherence to the principle that "stay and abeyance should be available only in limited circumstances" where there was "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 125 S. Ct. 1528, 1535 (2005).

In this case, Gunderson's sole excuse for his initial failure to exhaust is that he was unaware of the requirement. Where even discretionary stay or abeyance has been so narrowly circumscribed by the Supreme Court, we certainly cannot *compel* such relief based on mere ignorance of the law, which neither removes fault from the petitioner nor sets him apart from any other case. The argument is particularly weak in this case, because the exhaustion requirement is listed as a prerequisite in the federal habeas statute that Gunderson employed to seek relief. 28 U.S.C. § 2254(c). Moreover, even if the district court had chosen to abate the federal proceedings, Gunderson has not explained why he delayed for over four years between stages of state court review. *See Rhines*, 125 S. Ct. at 1535 (holding a petitioner who unnecessarily delays state court proceedings should not receive a stay of federal habeas proceedings). Thus, Gunderson's failure to follow the express federal habeas requirements in the first instance, coupled with

the languid manner in which he pursued exhaustion of his state court remedies, demonstrate that he did not "diligently pursue[] his claims," and is therefore not entitled to this extraordinary equitable remedy.

Gunderson's second and third arguments both seek to justify his ignorance of the law. He contends, "This Petitioner is [u]ntrained and [u]nskilled in the [l]aw and therefore should not be held to the exacting standards a [q]ualified [l]awyer is required to." Aplt. Br. at 3. However, failure to learn applicable law does not constitute "extraordinary circumstances beyond his control." Indeed, "it is well established that ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing." *Marsh*, 223 F.3d at 1220; *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (equitable tolling not justified by the fact that petitioner simply did not know about AEDPA time limitation).

Alternatively (and inconsistently), Gunderson asserts that he *did* benefit from the assistance of counsel but that he was incorrectly advised with regard to his exhaustion requirements and filing deadlines. However, attorney error is generally not a basis for equitable tolling of the federal habeas deadline. *See, e.g., Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003) (applying general rule that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling") (internal citations omitted); *Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir.

2003) ("a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding") (internal citations omitted); *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005) ("Ineffective assistance of counsel, where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance [for equitable tolling purposes]").

In this case, where it appears Gunderson never formally retained counsel but somehow attempted to solicit advice from the public defender's office, we find the "ineffective assistance" argument even less compelling. We conclude that Gunderson has failed to show "extraordinary circumstances beyond his control" prevented him from timely filing and is therefore not entitled to relief from this court.

### III. Conclusion

Gunderson's petition was untimely filed, and he has failed to demonstrate that he meets the requirements of statutory tolling or that his case presents the kind of rare and exceptional circumstance that would entitle him to equitable tolling. We conclude that jurists of reason would not find the district court's procedural decision debatable. Accordingly, we DENY a COA and DISMISS the case. We GRANT Gunderson's motion to proceed in forma pauperis.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge