**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 23, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SHAWN LOUIS JACOBS,

      Petitioner - Appellant,

v.

RICK LOONEY, Warden;[*]
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Respondent - Appellee.

No. 06-2357

(D.C. No. CIV-06-469 WJ/LCS)
(D.N.M.)

**ORDER DENYING A
CERTIFICATE OF APPEALABILITY**

Before **LUCERO**, **HARTZ** and **GORSUCH**, Circuit Judges.

Shawn Jacobs, a state prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254

habeas petition. For substantially the same reasons set forth by the district court,

we **DENY** a COA and **DISMISS**.

On his guilty plea, Jacobs was convicted of receiving or transferring a

stolen vehicle on January 25, 1995. On March 29, 2006, Jacobs filed a petition

for a writ of habeas corpus in New Mexico state court, which was dismissed as

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), we grant Jacobs' motion to correct
the respondent's name and substitute Rick Looney for Robert Ulibarri as the
appellee in this action.

untimely. After the New Mexico Supreme Court denied Jacobs' subsequent motion for writ of certiorari, he filed a § 2254 petition in federal district court on June 5, 2006. A magistrate judge reviewed Jacobs' petition and concluded it was time-barred. In his Proposed Findings and Recommended Disposition ("Recommended Disposition") filed October 20, 2006, the magistrate judge explicitly informed the parties they must file any objections within ten days of service. After receiving no objections, the district court adopted the Recommended Disposition and dismissed Jacobs' motion with prejudice. Jacobs then filed an objection to the Recommended Disposition on December 26, 2006, contending he did not receive a copy until December 21, 2006. No action was taken on this objection, and the district court subsequently denied Jacobs a COA. Jacobs now requests a COA from this court.[1]

The State argues that Jacobs' failure to timely object to the Recommended Disposition bars him from appealing the final decision of the district court. We disagree. Ordinarily, "the failure to make timely objection to the magistrate's findings or recommendations waives appellate review of both factual and legal

---

[1] The Antiterrorism and Effective Death Penalty Act ("AEDPA") conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Jacobs to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

- 2 -

questions," however, this rule "need not be applied when the interests of justice so dictate." Wirsching v. Colorado, 360 F.3d 1191, 1197 (10th Cir. 2004) (citation and quotation omitted). In Wirsching, we declined to apply the waiver rule in light of a pro se litigant's "facially plausible" "allegation that he did not receive the magistrate's report and recommendation." Id. at 1198. In crediting this allegation, we noted the plaintiff had been "a fairly tenacious litigant," filing a pro se complaint, motions to appoint counsel, and responses to the defendants' motions to dismiss and for summary judgment. Id. Jacobs has shown similar diligence with respect to this habeas action, submitting briefs and petitions, responding to the State's memoranda, providing notice of his change of address, and filing a motion to correct the respondent's name. Because Jacobs' assertion that he did not receive a copy of the Recommended Disposition until December 21, 2006 is facially plausible, we conclude the interests of justice support an exception to our firm waiver rule. We will therefore consider his application for a COA.

Nonetheless, we agree with the lower court that Jacobs' § 2254 petition is time-barred. 28 U.S.C. § 2244(d) sets forth the statute of limitations for § 2254 petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

. . . or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Jacobs' conviction became final prior to the effective date of AEDPA. Accordingly, he had until April 24, 1997, to either file his habeas petition or toll the statute of limitations by filing an application for state post-conviction relief. See Serrano v. Williams, 383 F.3d 1181, 1183 (10th Cir. 2004). Jacobs did neither. He filed his habeas petition in federal court on June 5, 2006, and his first application for state post-conviction relief on March 29, 2006 – almost nine years after the limitations period had run.

We further conclude that Jacobs has not met the requirements for equitable tolling. Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Nothing in the record indicates that Jacobs faced extraordinary circumstances that prevented him from pursuing his claims. As such, equitable tolling would be improper in this case.

For the reasons set forth above, Jacobs' request for a COA is **DENIED** and his appeal is **DISMISSED**. His motion to correct the respondent's name is **GRANTED**.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge