FILED
United States Court of Appeals
Tenth Circuit

December 14, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

TROY HERD,

     Petitioner-Appellant,

v.

GEORGE TAPIA, Warden and GARY
K. KING, Attorney General of the
State of New Mexico,

     Respondents-Appellees.

No. 09-2166
(D.C. No. 08-cv-1040-MCA-LFG)
(D. N.M.)

---

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

     Troy Herd, a New Mexico state prisoner proceeding *pro se*, applies for a certificate of appealability (COA) to challenge the federal district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. After review of his application, however, we see no basis on which we may lawfully grant his application.

\* \* \*

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2005, Mr. Herd and Kenneth Larmey forcibly entered the residence of Robert Gutierrez. An altercation ensued during which Mr. Gutierrez sustained a cut from an axe, though Mr. Herd denies striking him. Before leaving the scene, however, Mr. Herd smashed the windshield of Mr. Gutierrez's vehicle.

Following a jury trial, Mr. Herd was convicted of aggravated battery with a deadly weapon, aggravated assault with intent to commit a felony, aggravated burglary with a deadly weapon, conspiracy to commit aggravated burglary with a deadly weapon, and criminal damage to property. The state court determined that Mr. Herd was a habitual criminal offender, and therefore his convictions for aggravated battery, aggravated assault, aggravated burglary, and conspiracy were each enhanced by four years in accordance with New Mexico's habitual offender statute. *See* N.M. Stat. Ann. § 31-18-17.

On direct review, the New Mexico Court of Appeals affirmed the convictions and the New Mexico Supreme Court denied his petition for a writ of certiorari. Mr. Herd then pursued post-conviction relief. Proceeding *pro se*, he first filed a state habeas petition, arguing that the state court erred when it applied the habitual offender enhancement to *each* of his four felony convictions. He then filed a motion seeking appointment of counsel. The state trial court issued an order dismissing the habeas petition and the motion to appoint counsel. Mr. Herd appealed to the New Mexico Supreme Court, raising the same challenge to the sentence enhancements, as well as a claim that the state trial court unlawfully

denied his request for counsel. Again, the Supreme Court denied his petition for a writ of certiorari.

Mr. Herd then filed the instant federal habeas petition under 28 U.S.C. § 2254, raising two arguments. First, Mr. Herd again challenged the habitual-offender enhancements of his sentence. Second, he argued that Rule 5-802(E) of the New Mexico Rules Annotated (NMRA) required the state trial court to appoint him counsel to assist him with his state habeas petition. While his federal petition was pending and after the government had responded, Mr. Herd sent two letters to the court, requesting a new trial and an evidentiary hearing. In these letters, Mr. Herd claimed that, at his state court trial, the state prosecutor intimidated his only witness, Mr. Larmey, who ended up not testifying. Mr. Herd also argued that he was innocent of the charges that he had attacked Mr. Gutierrez with an axe. Mr. Herd based both of these claims on what he alleged was new evidence presented in an affidavit by Mr. Larmey.

The magistrate judge assigned to the case issued a report and recommendation concluding that Mr. Herd's federal petition should be dismissed with prejudice. He found that neither of the claims in the habeas petition were cognizable on federal habeas review, because both alleged only errors of state law. In addition, the magistrate judge noted that Mr. Herd made "no argument that federal law was misapplied or that an unreasonable factual determination was made by the state court" as required under the Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA). R. at 186-87. Finally, the magistrate judge liberally construed Mr. Herd's two letters to the court motions to amend his § 2254 petition to add two new claims: (1) a claim of prosecutorial misconduct based on the state prosecutor's alleged intimidation of Mr. Herd's witness, and (2) a claim of innocence as to certain charges based on allegedly new evidence presented in Mr. Larmey's affidavit. The magistrate judge, however, recommended that the motion to amend be denied. He found that Mr. Herd had failed to exhaust these new claims either on direct appeal or on collateral review. Alternatively, he held that the claims failed on the merits, and were also likely time-barred under AEDPA's one-year limitations period.

The magistrate judge's report informed Mr. Herd that he could file objections, and that a failure to object would waive appellate review. Mr. Herd did not file written objections. Noting this fact, the district court adopted the report and recommendation and dismissed Mr. Herd's petition with prejudice. It is this judgment from which Mr. Herd now seeks to appeal.

\* \* \*

As an initial matter, we must determine whether Mr. Herd has waived appellate review by failing to object to the magistrate judge's recommendations. Mr. Herd and the State agree that he did not receive a copy of the magistrate judge's recommendations until after the due date for filing objections had expired. Indeed, the State submits that Mr. Herd has not waived his right to appeal.

- 4 -

This circuit "has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005). This rule does not apply, however, when the "interests of justice" require review. *Id.* And this circuit has applied that exception to situations, like this one, where a *pro se* litigant did not delay in seeking a copy of the magistrate's report and presents a credible case that "he did not receive the magistrate's report and recommendation" until after the time period for filing objections had expired. *See Wirsching v. Colorado*, 360 F.3d 1191, 1198 (10th Cir. 2004); *Jacobs v. Looney*, 233 F. App'x 790, 792 (10th Cir. 2007). Because the State here concedes that Mr. Herd did not receive a copy of the magistrate judge's recommendations until it was too late to object and Mr. Herd did not otherwise interpose any delay in this case, we conclude the interests of justice support an exception to our firm waiver rule, and we will therefore consider his application for a COA.

Mr. Herd is in custody pursuant to the judgment of a state court, and therefore he may not appeal the federal district court's denial of habeas relief without a COA from the court of appeals. 28 U.S.C. § 2253(c)(1)(A). When the district court has addressed the *merits* of the petitioner's claim, a COA will not issue unless the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court has

- 5 -

dismissed the petition on *procedural grounds* (such as for failure to exhaust state court remedies), the applicant must prove, in addition, "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Both standards are relevant to Mr. Herd's current application for a COA.

Because Mr. Herd is proceeding *pro se*, we liberally construe his filings. *See Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). Doing so, we interpret his request that we reverse the district court's opinion and allow him to file a second petition as an effort to appeal the district court's denial of his motion to amend. In addition, of the two claims in his federal habeas petition, before us he seeks to appeal only one: his argument that New Mexico Rule 5-802(E) required the state trial court to appoint him counsel to assist him with his state habeas petition.

We begin with Mr. Herd's argument that the district court erred when it denied his motion to amend his habeas petition to add a claim of prosecutorial misconduct and a claim of innocence of certain charges. In recommending the denial of the motion, the magistrate judge relied on several alternative bases, including that Mr. Herd had failed to exhaust both of these claims in state court as required by federal statute. *See* 28 U.S.C. § 2254(b)(1)(A). Because this particular ground is sufficient to deny Mr. Herd's motion to amend, we need not address the additional deficiencies the magistrate judge identified.

Before us, Mr. Herd acknowledges that he failed to exhaust both of the claims that he seeks to incorporate in his federal habeas petition. Our own review of Mr. Herd's pleadings, as well as the record, does not lead us to an alternative conclusion. Mr. Herd asks this court to excuse this failure because he was unaware of the requirement. But it is well-settled that ignorance of the law cannot excuse the failure to exhaust. *Gunderson v. Abbott*, 172 F. App'x 806, 809 (10th Cir. 2006) ("ignorance of the [requirement to exhaust] . . . neither removes fault from the petitioner nor sets him apart from any other case"); *cf. Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("It is well established that ignorance of the law, even for an incarcerated pro se prisoner, generally does not excuse prompt filing.") (quotation marks omitted). Moreover, the exhaustion requirement is listed as a prerequisite in the federal habeas statute that Mr. Herd employed to seek relief. *See* 28 U.S.C. § 2254(b)(1)(A), (c). And Mr. Herd even concedes on appeal that he raised in his state post-conviction proceedings the two claims he later raised in his federal habeas petition in order to comply with the exhaustion requirement. Opening Br. at 3. Jurists of reason could not "debat[e] whether the district court was correct in its procedural ruling" that Mr. Herd failed to exhaust the two claims he seeks to incorporate in his § 2254 petition. *Slack*, 529 U.S. at 484. Thus, he is not entitled to a COA in order to challenge the district court's denial of his motion to amend.

Mr. Herd next asks us to allow him to appeal his claim that the state trial court unlawfully denied his request for counsel on collateral review. Mr. Herd seems to argue, first, that New Mexico Rule 5-802(E) required the state trial court to provide him with an attorney after he filed his state habeas petition, and second, that the failure to do so violated his due process rights.

Mr. Herd, however, only presented the first part of this argument to the district court. Mr. Herd's federal habeas petition raised only the state law claim that counsel should have been appointed under New Mexico law. Only now, on appeal, does Mr. Herd argue that the failure to appoint him counsel also violated his federal due process rights. But as discussed earlier, we will not consider issues raised for the first time on appeal, *see Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir. 2004), and thus we will not address Mr. Herd's due process challenge. Even if we were to do so, however, it would be unavailing because the United States Supreme Court has already held that there is no right to counsel in collateral proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings.").

As for Mr. Herd's Rule 5-802(E) argument, the magistrate judge found that this claim was not cognizable in a federal habeas action because, at most, it alleged an error of state law. In any event, the magistrate judge held, the claim was meritless. We agree on both counts.

As we explained in *Montez v. McKinna*, "claims of state law violations are not cognizable in a federal habeas action." 208 F.3d 862, 865 (10th Cir. 2000). Rather, our review is limited to "violation[s] of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Even if we overlooked this problem, Mr. Herd's claim still fails on the merits. Rule 5-802(E)(2) states "if the court does not order a summary dismissal, unless the petitioner has filed a waiver of counsel or has retained counsel, the court shall appoint counsel to represent the petitioner." In this case, the state trial court decided Mr. Herd's state habeas petition by issuing an "Order Summarily Dismissing Petition for Writ of *Habeas Corpus*." R. at 111. Thus, the state court followed its own procedures when it did not appoint counsel for Mr. Herd. For these reasons, Mr. Herd has failed to make "a substantial showing of the denial of a constitutional right," and his claim cannot give rise to a COA. 28 U.S.C. § 2253(c)(2).[1]

\* \* \*

---

[1] Before us, Mr. Herd also seeks to raise a number of other claims that he concedes were not included in his federal habeas petition *and* not presented to the district court. As a general rule, we will not consider issues raised for the first time on appeal, and Mr. Herd offers us no reason to make an exception in this instance. *See Dockins*, 374 F.3d at 940 (court of appeals may decline to consider novel argument in application for COA not presented first to the district court).

Mr. Herd's request for a COA is denied and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge