FILED
United States Court of Appeals
Tenth Circuit

January 25, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JUSTIN JAMES HINZO,

　　　　　Petitioner-Appellant,

　　v.

JOSE ROMERO, Warden; THE
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

　　　　　Respondents-Appellees.

No. 09-2144

(D. of N.M.)

(D.C. No. CIV-06-391-MV-WDS)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TACHA, TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

　　Justin James Hinzo was convicted in New Mexico state court of second

degree murder and aggravated battery, and his conviction was affirmed on direct

appeal. Proceeding pro se,[1] Hinzo now seeks a certificate of appealability (COA)

_____

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

[1] Because Hinzo proceeds pro se, we review his pleadings and filings
liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Brown v. Perrill*,
21 F.3d 1008, 1009 (10th Cir. 1994).

in federal court to challenge the district court's denial of his habeas corpus petition under 28 U.S.C. § 2254. Hinzo's habeas petition raises issues relating to (1) ineffective assistance of counsel, (2) violation of his Fifth Amendment rights, (3) procedural defects in the grand jury indictment, and (4) contamination of the jury pool by pre-trial publicity.

After carefully reviewing the record, we conclude Hinzo is not entitled to relief on any claim, due to our firm waiver rule. Exercising jurisdiction under 28 U.S.C. § 2253, we therefore DENY his COA request and DISMISS his appeal.

## I. Background

Hinzo was a participant in a fist fight that escalated and eventually resulted in the shooting of Dean Montano and Luther Wheylan. Montano's injuries proved fatal. Several witnesses testified that Hinzo was the shooter. Hinzo himself made a statement to police and testified at trial that he had done the shooting, but he also claimed that he was in fear for his life at the time, and therefore only shot in self-defense. A jury convicted him of second degree murder and aggravated battery. Hinzo pursued state direct appeal and post-conviction relief, but was unsuccessful in these efforts.

Hinzo then filed a federal petition for a writ of habeas corpus. He consented to have his case heard by a magistrate judge. The magistrate judge prepared a report and recommendation concluding that Hinzo's petition should be dismissed with prejudice. The report and recommendation contained, in a

footnote on the first page, notice that if a party did not file objections to the report and recommendations within ten days of service, no appellate review would be allowed. Hinzo did not file any objections within the ten-day period, and the district court judge entered judgment in favor of respondents.

After judgment was entered, Hinzo attempted to file objections, but the court did not allow it. The district court also denied Hinzo's request for a COA, and Hinzo requests one from this court.

## II. Analysis

We have adopted a "firm waiver rule" if a party fails to object to a magistrate judge's report and recommendations. *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005). This means that "a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Id.* There are exceptions to this rule, however, most notably "when (1) a pro se litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Id.* (citing *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

Hinzo does not qualify under the first exception. In general, we have limited application of this exception to cases in which the party never received a copy of the magistrate judge's recommendations. *See, e.g.*, *Herd v. Tapia*, No. 09-2166, 2009 WL 4755722 (10th Cir., Dec. 14, 2009) (firm waiver inapplicable

when state conceded petitioner never received a copy of the recommendations).

Hinzo admits he received a copy of the magistrate judge's report and recommendations, but claims he was confused about his right to object. He believed the recommendation was a final decision, and since he did not receive an order directing him to file objections, he claims he was unaware of his ability to file objections, or the consequences of his failure to do so. This excuse is inadequate.

On the first page of the recommendations, the magistrate judge clearly informed Hinzo of his right to object and the consequences of failing to do so. Our case law requires including this statement in the same document as the recommendations themselves, instead of in a separate order. *Moore*, 950 F.2d at 659 (when dealing with a pro se litigant, "notice [of the time period for objection and consequences of failing to object] should be included in the text of the document containing the magistrate's findings and recommendations"). While Hinzo appears to have been genuinely confused about the possibility of objecting, the magistrate judge fully complied with his responsibility to inform a pro se litigant of his rights and responsibilities.

Hinzo also does not qualify under the second exception. While the "interests of justice" concept may be elusive, our precedent provides guidance. We are to consider, for instance, "a pro se litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance

of the issues raised." *Morales-Fernandez*, 418 F.3d at 1120. In practice, this results in a review very similar to a review for plain error. *Id.* "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1122–23 (quoting *United States v. Gonzales-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005)).

Although Hinzo made belated efforts to comply, and has at least a plausible explanation for his failure to object, he has not presented sufficient evidence of actual error, let alone plain error. We have reviewed the entire record and agree with the magistrate judge that Hinzo has not raised any cognizable constitutional violation:

(1) With respect to his allegation that his *Miranda* rights were violated, there is no discernible error in the magistrate judge's conclusion that Hinzo failed to present credible evidence that police did not inform him of his *Miranda* rights before he made a statement to them.

(2) Nor can we discern that Hinzo suffered any prejudice as a result of his statement regarding the altercation, since it was consistent with his trial testimony and with his version of events, i.e., that the shooting was in self-defense.

(3) Likewise, the magistrate judge did not err in concluding that Hinzo's claim that his grand jury indictment contained procedural defects raised only issues of state law, which we cannot review in a petition for federal habeas relief.

(4) Next, the magistrate judge's conclusion that Hinzo's trial counsel provided effective representation is likewise supported by the record. Counsel's preparation for trial and examination of witnesses was neither deficient nor prejudicial as required by *Strickland v. Washington*, 466 U.S. 668 (1984).

(5) Finally, the magistrate judge's conclusion that the jury pool was not unconstitutionally tainted by pre-trial publicity was not contrary to or an unreasonable application of Supreme Court precedent.

## III. Conclusion

Reviewing Hinzo's contentions and the evidence he put forth in support of them, we cannot conclude that the interests of justice require us to reverse the district court's denial of habeas relief. Accordingly, we grant Hinzo's three motions requesting permission to enter materials into evidence, we deny a COA, and we dismiss his appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge