**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FILED
**United States Court of Appeals**
**Tenth Circuit**

**May 4, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

PAUL ANTHONY RIOS,

      Petitioner - Appellant,

v.

MR. ENSEY, Warden; THE  ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents - Appellees.

No. 25-1368
(D.C. No. 1:25-CV-01184-LTB-RTG)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MORITZ**, **BALDOCK**, and **MURPHY**, Circuit Judges.
_____

In 2012, Petitioner Paul Anthony Rios was convicted in Colorado state court of aggravated robbery, felony menacing, and misdemeanor theft.  The court adjudicated Petitioner a habitual offender under state law and sentenced him to 64 years' imprisonment. In 2025, Petitioner, appearing _pro se_, filed a federal habeas petition under 28 U.S.C. § 2254 in the federal district court challenging the constitutionality of his status as a habitual offender under state law and seeking the appointment of counsel to assist him.[1]  After

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We note here that the right to appointed counsel extends to a first appeal as of right following conviction, "and no further." _Pennsylvania v. Finley_, 481 U.S. 551, 555

1

excluding the time periods during which Petitioner's various unsuccessful applications for state post-conviction relief were pending, 28 U.S.C. § 2244(d)(2), a United States Magistrate Judge concluded that Petitioner's § 2254 petition was time-barred under § 2244(d)(1)'s one-year limitations' period and that Petitioner had not met his burden of demonstrating the circumstances warranted equitable tolling.  Accordingly, the magistrate judge recommended the district court dismiss the petition as untimely.  Petitioner objected to the magistrate judge's recommendation, stating only that he should not be held accountable for submitting his petition out of time because of a "short staff[]."  The district court adopted the recommendation over Petitioner's objection and dismissed the petition with prejudice.  The court further ordered the certificate of appealability (COA) required for an appeal would not issue.  *Id.* § 2253(c).  Finally, the court denied Petitioner's motion for leave to proceed on appeal *in forma pauperis* and certified that any appeal from the petition's dismissal would not be taken in good faith.  *Id.* § 1915(a).

Presently before us is Petitioner's opening brief which, for present purposes, we also construe as a renewed application for a COA.  Because the district court dismissed his § 2254 petition on procedural grounds, Petitioner is entitled to a COA *only if* he shows reasonable jurists would find it debatable whether he states a valid claim of the denial of a constitutional right *and* those same jurists would find it debatable whether the district court was correct in its procedural ruling.  *Cole v. Farris*, 54 F.4th 1174, 1182–83 (10th Cir. 2022).  But Petitioner's COA application, construed liberally, does not address the

---

(1987); *see also Herd v. Tapia*, 356 Fed. Appx. 140, 143 (10th Cir. 2009) (unpublished) ("[T]here is no right to counsel in collateral proceedings.").

2

timeliness of his § 2254 petition. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). This omission includes the lack of any attempt on the part of Petitioner to meet his "burden to show specific facts" establishing the extraordinary circumstances and due diligence necessary to justify equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). Petitioner instead identifies the issues in his application as whether the state courts erroneously denied (1) his various applications for post-conviction relief based on an allegedly unlawfulness sentence, and (2) his motion for the appointment of counsel to assist him in pursuing state post-conviction relief. We need not belabor this matter further. Petitioner has not met his burden of showing reasonable jurists would find it debatable whether the district court was correct in its procedural ruling that his § 2254 petition is time-barred.

Accordingly, Petitioner's motion for a COA is DENIED. Petitioner's motion to proceed on appeal IFP is GRANTED. Petitioner's motion for the appointment of counsel is DENIED AS MOOT.

APPEAL DISMISSED.

Entered for the Court

Bobby R. Baldock
United State Circuit Judge

3