**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 30, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RISHEEN DANIEL ROBINSON,

Defendant-Appellant.

No. 11-3004
(D.C. No. 5:10-CR-40037-RDR-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **GORSUCH**, and **MATHESON**, Circuit Judges.

In 2010, a federal jury convicted Risheen Robinson of distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1). After trial, the district court found that Mr. Robinson qualified as a "career offender" under U.S.S.G. § 4B1.1 in light of various convictions he had accumulated dating back to 1994. Because of this, the court sentenced him to 262 months in prison and six years of supervised

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

release.  On appeal, Mr. Robinson attacks the sufficiency of the evidence supporting his conviction and the substantive reasonableness of his sentence. Finding neither argument persuasive, we affirm.

We begin with the sufficiency challenge.  Our role in assessing such challenges is limited.  We may "ask only whether taking the evidence — both direct and circumstantial, together with the reasonable inferences to be drawn therefrom — in the light most favorable to the government, a reasonable jury could find the defendant guilty beyond a reasonable doubt." *United States v. Keck*, 643 F.3d 789, 793 (10th Cir. 2011) (quotation omitted).

Viewing the evidence through this deferential prism, a reasonable jury could well have found Mr. Robinson guilty as charged.  Two eye witnesses testified that he sold the drugs in question.  First, informant Christine Claudio told Detective Brad Jager she could set up a drug buy with Mr. Robinson. Detective Jager provided her with money to do so and officers searched her person, her apartment, and car to ensure she didn't already have any drugs.  They then followed her to the home of Audra Akin, where the buy was set to take place.  According to Ms. Claudio's testimony, she handed the money to Mr. Robinson outside the apartment when she first arrived; he then left the scene; and at that point she and Ms. Akin went inside to collect the drugs.  Second and separately, Ms. Akin testified that she played this intermediary role at Mr. Robinson's insistence because she owed him money.  Ms. Akin also

corroborated that Mr. Robinson was the source of the drugs Ms. Claudio purchased, though Ms. Akin testified, in contradiction to Ms. Claudio, that Mr. Robinson left the scene before she (Ms. Claudio) arrived.

Mr. Robinson says this evidence isn't enough to sustain his conviction because the two witnesses to the transaction simply aren't credible. He notes that Ms. Claudio was addicted to crack cocaine and using the drug around the time of the buy from Mr. Robinson (though she repeatedly insisted she did not use it that day). He notes that she initially lied about her drug use to Detective Jager, and was not prosecuted after admitting it. He notes that she also lied at trial about more recent drug use, conceding the truth on cross-examination. And as for Ms. Akin, Mr. Robinson points out that she, too, admitted to being addicted to crack cocaine and using it around the time of the buy from Mr. Robinson. He also points out that she faced state felony drug charges for which Detective Jager told her she could go to prison; that Detective Jager told her he would inform the County Attorney of her cooperation if she helped him with his case against Mr. Robinson; and that she had ended up receiving probation on the state charges.

We don't doubt that the jury *could have* discounted the testimony of Ms. Claudio and Ms. Akin — or that Mr. Robinson was free to argue to the jury (as he did) that the witnesses were not worthy of belief. But where, as here, a jury has chosen to accept a witness's testimony, "we will overturn [that] credibility determination . . . only if the testimony is inherently incredible — that

-3-

is, only if the events recounted by the witness were impossible 'under the laws of nature' or the witness 'physically could not have possibly observed' the events at issue." *United States v. Cardinas Garcia*, 596 F.3d 788, 794 (10th Cir. 2010) (quoting *United States v. Oliver*, 278 F.3d 1035, 1043 (10th Cir. 2001) (further quotation omitted)).

And neither basis for finding testimony "inherently incredible" exists here. Each witness described events very much possible under the "laws of nature" and events that each was in a position to have observed. Admittedly, both were compromised by prior criminal activity and their accounts were not entirely consistent. The district court acknowledged all this when it instructed the jury that Ms. Claudio and Ms. Akin "may be considered to be drug abusers" and that "[t]he testimony of a drug abuser must be examined and weighed . . . with greater caution." R. Vol. 1 at 69. It did so again when it told the jury to "examine and weigh an informant's testimony with greater care than the testimony of an ordinary witness" given the possibility that it might have "been affected by self-interest." R. Vol. 1 at 68. But none of this precluded the jury from deciding for itself that, however compromised the witnesses may have been, they were telling the truth about a critical fact that was both physically possible and knowable to them based on personal experience — namely that Mr. Robinson sold Ms. Claudio the crack cocaine through Ms. Akin. *See Mendez-Zamora*, 296 F.3d at 1018 ("Despite the criminal involvement of key government witnesses and the apparent

inconsistencies in their accounts, their testimony can sustain the verdict."). After all, "'even a liar tells the truth once in a while.'" *Id.* (parenthetically quoting *United States v. Williams*, 216 F.3d 611, 614 (7th Cir. 2000)).

Separately, Mr. Robinson challenges the substantive reasonableness of his 262 month prison sentence. Because his sentence falls within the range suggested by the guidelines for a "career offender," *see* U.S.S.G. § 4B1.1, and because Mr. Robinson doesn't dispute that he qualifies as a "career offender" under the guidelines, it is presumed reasonable. *See United States v. Lewis*, 594 F.3d 1270, 1277 (10th Cir. 2010). Mr. Robinson may rebut this presumption by demonstrating that his sentence is unreasonable (that is, it represents an abuse of discretion) when viewed against the factors set out in 18 U.S.C. § 3553(a), but this burden is "a hefty one." *United States v. Verdin-Garcia*, 516 F.3d 884, 898 (10th Cir. 2008). Indeed, we may reverse only if we can say the district court's decision to apply the guidelines' recommended range was "arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008) (quotation omitted).

Mr. Robinson insists he can meet this burden for essentially two reasons. First, he contends his sentence is unduly severe in light of the small amount of crack cocaine he was convicted of selling. But he was not sentenced solely on the basis of his latest drug conviction. His status as a "career offender" under the guidelines was by far the larger determinant of his sentence, and his argument

fails to confront that fact.  Second, and turning to address that problem, he argues

that a career offender enhancement, even if technically appropriate under the

guidelines, so overstates his criminal history as to be unreasonable as applied to

him.  But the district court entertained this possibility fully only to reject it

ultimately because

> the defendant has been involved in criminal activity since the age of
> 14.  His past shows that he has repeatedly engaged in criminal
> activity, even while he was incarcerated.  Moreover, several of his
> crimes have occurred while he is on parole.  He has never shown a
> desire to engage in any type of lawful pursuit, as he has virtually no
> employment history.  Frankly, he appears to be exactly the type of
> the individual that the Sentencing Commission ha[d] in mind when
> they formulated the career offender provisions.

R. Supp. Vol. I at 14.  We are directed to no case suggesting, and can think of no

reason why, a district court's decision to enforce the guidelines' "career offender"

enhancement in these circumstances would constitute a reversibly "arbitrary,

capricious, whimsical, or manifestly unreasonable" decision.

The judgment of the district court is affirmed.

Entered for the Court


Neil M. Gorsuch
Circuit Judge

-6-