**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 23, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RODRIGO DOMINGUEZ,

      Petitioner-Appellant,

v.

TIMOTHY HATCH, Warden; GARY
KING, The Attorney General of the
State of New Mexico,

      Respondents-Appellees.

No. 11-2014

(D.C. No. 1:10-CV-00354-JB-RLP)

(D. N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

Petitioner, a state prisoner proceeding with counsel, seeks a certificate of

appealability to appeal the district court's denial of his § 2254 habeas petition.

In 2002, Petitioner was convicted of voluntary manslaughter, aggravated

battery, two counts of shooting from a motor vehicle, and conspiracy to tamper

with evidence. The New Mexico Court of Appeals affirmed his conviction and

sentence. The New Mexico Supreme Court similarly affirmed, but remanded

---

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

solely to correct a clerical error in the trial court's judgment. The state district court entered an amended judgment on March 21, 2005. Petitioner moved the court to reconsider, and the court denied Petitioner's motion on May 3, 2005. Four months later, on September 14, 2005, the New Mexico Court of Appeals filed its mandate on Petitioner's direct appeal.

In June 2006, Petitioner filed his first petition for state habeas relief. In all, Petitioner filed and appealed four petitions for state post-conviction relief, with several tolled days accruing between each petition. After his fourth state petition was denied in early 2010, he filed this § 2254 habeas motion with the federal district court. Upon the recommendation of the magistrate judge, the district court ordered the petition dismissed because Petitioner had filed his petition outside the statute of limitations period and failed to establish extraordinary circumstances that would merit equitable tolling. Specifically, Petitioner argued that even though the one-year period for filing his petition began running on June 3, 2005, thirty days after the state district court issued its order denying Petitioner's motion for reconsideration, principles of equitable tolling demanded that the period not begin to run until September 14, 2005, the date the New Mexico Court of Appeals filed its mandate and the date Petitioner's former attorney told him tolling would start. The district court concluded in relevant part that a mistake in filing dates made by Petitioner's attorney did not create an extraordinary circumstance that would warrant equitable tolling.

-2-

Because the district court dismissed the petition on procedural grounds, Petitioner must demonstrate, inter alia, that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Petitioner does not contest that his habeas petition was filed outside the one-year limitations period. Thus, the threshold issue is whether the district court erred in denying Petitioner's claim for equitable tolling, which we review for an abuse of discretion. *Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007).

After carefully reviewing Petitioner's filings and the record on appeal, we conclude that reasonable jurists would not debate whether the district court erred in dismissing Petitioner's claims without granting Petitioner the benefit of equitable tolling. The district court correctly noted—as Petitioner admits in his brief—that the crux of Petitioner's equitable tolling argument is his reliance on his attorney's miscalculation of a filing deadline. On this, the law is clear. Equitable tolling may be applied when the attorney misrepresents a filing deadline in a particularly egregious way, *see United States v. Martin*, 408 F.3d 1089, 1094-95 (8th Cir. 2005) (holding that equitable tolling applied when the attorney informed his client there was no such thing as a one-year filing deadline and

-3-

consistently lied to his client and the client's wife), or deliberately hides information from his client in order to cover up his misdeeds, *see Fleming*, 481 F.3d at 1255-57 (holding that petitioner was entitled to equitable tolling where former counsel actively deceived petitioner over several months into believing he was diligently pursuing petitioner's legal remedies when, in fact, he was not). But a miscalculation or misinterpretation of the statutory provision regarding the limitation period, with nothing more, does not rise to the level of misconduct that would justify equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) ("Lawrence argues that his counsel's mistake in miscalculating the limitations period entitles him to equitable tolling. If credited, this argument would essentially equitably toll limitations periods for every person whose attorney missed a deadline."); *Rouse v. Lee*, 339 F.3d 238, 248-49 (4th Cir. 2003) (holding that "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding" and noting "[a] majority of other circuits agree," citing cases from the Second, Third, Fifth, Seventh, Eighth, Ninth, Eleventh, and Federal Circuits). Petitioner devotes much of his brief to explaining the depth of reliance he placed on his counsel's statements. While the circumstances are unfortunate, we cannot say that reasonable jurists would debate as to whether the district court erred in its ruling.

Therefore, for substantially the same reasons stated by the district court, we **DENY** the application for a certificate of appealability and **DISMISS** Petitioner's appeal.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge