**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 7, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

OVEX GOMEZ-ALVAREZ,

  Defendant - Appellant.

No. 13-3275
(D.C. Nos. 2:11-CR-20011-CM-1 &
2:13-CV-02067-CM)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

Ovex Gomez-Alvarez, a federal prisoner proceeding pro se, seeks a certificate

of appealability (COA) to appeal the district court's denial of his motion under

28 U.S.C. § 2255 and its handling of his subsequent "Motion to Reconsider

Memorandum and Order." Because Mr. Gomez-Alvarez did not timely file his notice

of appeal from the denial of his § 2255 motion, we lack jurisdiction to review that

decision. Regarding the "Motion to Reconsider Memorandum and Order," we deny a

COA and dismiss the appeal.

---

[*]     This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Gomez-Alvarez pleaded guilty to one count of illegal re-entry into the United States after removal for a conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). He filed a timely § 2255 motion to vacate, set aside, or correct his sentence, which the district court denied on July 29, 2013. A separate judgment was entered on July 30.

On August 29, Mr. Gomez-Alvarez deposited into the prison mail system his "Motion to Reconsider Memorandum and Order," in which he addressed points made in the denial order and re-argued assertions made in his § 2255 motion. Applying the guidelines this court set forth in *Spitznas v. Boone*, 464 F.3d 1213, 1216-17 (10th Cir. 2006), on October 15, the district court construed some portions of the motion to reconsider as a second § 2255 motion and other portions as a motion under either Fed. R. Civ. P. 59(e) or 60(b). It dismissed those portions that were an unauthorized second § 2255 motion. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). It denied those portions that arguably fell under Rules 59(e) or 60(b), *see Spitznas*, 464 F.3d at 1217, and in the alternative, to the extent that those portions instead might be considered a second § 2255 motion, it dismissed them. On October 28, Mr. Gomez-Alvarez deposited a notice of appeal in the prison mail system.

Before this court, Mr. Gomez-Alvarez appears to be challenging both the denial of his § 2255 motion and the denial of his motion to reconsider. This court does not have jurisdiction to consider the denial of the § 2255 motion, however,

- 2 -

because Mr. Gomez-Alvarez did not timely appeal from that decision. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").

Under Fed. R. App. P. 4(a)(1)(B), he had 60 days from the entry of judgment to appeal from the denial of the § 2255 motion. The July 30 judgment made his deadline Monday, September 30 (extended from the sixtieth day, which fell on Saturday, September 28). But he did not deposit his notice of appeal in the prison mail system until October 28.

Under Fed. R. App. P. 4(a)(4)(A), the 60-day appeal period could be tolled by the filing of a motion under Rules 59(e) or 60(b) within 28 days of the entry of judgment (so, in this case, by August 27). But Mr. Gomez-Alvarez's motion to reconsider was deposited in the prison mail system on August 29, thirty days after judgment. Therefore, the motion to reconsider did not toll the September 30 appeal deadline, and the October 28 notice of appeal was untimely as to the denial of the § 2255 motion.

In contrast, the notice of appeal was timely filed with regard to the district court's decision on the motion to reconsider. To appeal that decision, Mr. Gomez-Alvarez must secure a COA, requiring him to show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

- 3 -

district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Jurists of reason would not find it debatable whether the district court was correct in its procedural rulings. The district court employed the procedures set forth by this court to determine whether it had jurisdiction to decide any of the issues presented by the "Motion to Reconsider Memorandum and Order." The portions of the filing that attacked the validity of Mr. Gomez-Alvarez's sentence and re-argued claims he had made previously under § 2255 inarguably were subject to the restrictions on second or successive § 2255 motions. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *United States v. Nelson*, 465 F.3d 1145, 1148-49 (10th Cir. 2006). Accordingly, the district court lacked jurisdiction to consider those portions of the filing, and no reasonable jurist could debate the decision to dismiss them. *See Cline*, 531 F.3d at 1251-52. Further, the portions of the filing that arguably attacked the validity of the § 2255 proceeding were meritless. No reasonable jurist could debate the decision to deny those portions of the filing or, in the alternative, to dismiss them.

Mr. Gomez-Alvarez's motion for leave to proceed without prepayment of fees and costs is granted. The application for COA is denied, and this matter is dismissed.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 4 -