FILED
United States Court of Appeals
Tenth Circuit

October 9, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RICHARD ANTHONY McKENZIE,

    Defendant - Appellant.

No. 15-2081
(D.C. Nos. 1:15-CV-00130-JB-WPL
and 1:08-CR-01669-JB-1)
(D.N.M.)

---

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.

---

Defendant–Appellant Richard Anthony McKenzie, a federal inmate appearing pro se, seeks a certificate of appealability (COA) to appeal from the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The district court denied the motion as time-barred under the one-year limitation period of § 2255(f). McKenzie v. United States, Nos. CIV 15-0130 JB/WPL, CR 08-1669 JB, 2015 WL 2226308 (D.N.M. April 30, 2015). Because we determine that Mr. McKenzie has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," we deny a COA and dismiss

the appeal. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Mr. McKenzie was convicted of possession with intent to distribute 500 or more grams of cocaine, 21 U.S.C. § 841(a)(1), (b)(1)(B), and sentenced to 262 months' imprisonment and four years' supervised release. The judgment was affirmed on direct appeal. United States v. McKenzie, 532 F. App'x 793, 797 (10th Cir. 2013). Mr. McKenzie submitted an untimely petition for rehearing which the panel accepted for filing and denied on September 11, 2013. Thus, it appears that Mr. McKenzie's conviction became final at the latest on December 10, 2013, when the 90-day period for filing a petition for writ of certiorari expired. See Clay v. United States, 537 U.S. 522, 525, 532 (2003). Mr. McKenzie's § 2255 motion was filed on February 13, 2015, well after the one-year limitation period.

On appeal, Mr. McKenzie argues that the district court erred when it rejected his grounds for equitable tolling: (1) he attempted to file his § 2255 motion while his direct appeal was pending, (2) he sought transcripts, and (3) he was pursuing a state post-conviction matter which could affect his § 2255 motion and was unaware that he could not delay the filing of his § 2255 motion. He argues that he has shown the necessary diligence, and presumably the extraordinary circumstance, for equitable tolling. See Holland v. Florida, 560 U.S. 631, 649 (2010); Lawrence v. Florida, 549 U.S. 327, 336 (2007); Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008). We do not think that the district

court's contrary conclusion is reasonably debatable—none of these circumstances demonstrate the level of diligence, despite an extraordinary circumstance, that would be necessary for equitable tolling.  While counsel, a transcript, and more information about possible grounds for a § 2255 motion could be helpful, they are by no means required to file a timely § 2255 motion—Mr. McKenzie's delay in filing a timely § 2255 motion cannot be excused with equitable tolling.  This is true even if he was unaware of the consequences of that delay.  Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

We DENY a COA, DENY IFP, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge