**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 30, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NORMAN SHAW, JR.,

Defendant - Appellant.

No. 17-3126
(D.C. Nos. 2:16-CV-02437-CM &
2:05-CR-20073-CM-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Norman Shaw, Jr., seeks a certificate of appealability (COA) to appeal the

district court's order dismissing as untimely his motion seeking relief under

28 U.S.C. § 2255. We deny a COA and dismiss the appeal.

**I.      Background**

Mr. Shaw pleaded guilty in 2006 to entering a bank with intent to rob it and to

bank robbery, both in violation of 18 U.S.C. § 2113(a). The district court sentenced

him to 165 months' imprisonment. It based his sentence, in part, on a finding that he

qualified as a career offender under the advisory Sentencing Guidelines because he

had at least two prior felony convictions for crimes of violence. *See* U.S. Sentencing

_____
[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Guidelines Manual § 4B1.1(a) (U.S. Sentencing Comm'n 2005) (USSG). Mr. Shaw did not appeal, but he filed a first § 2255 motion in 2007. The district court denied § 2255 relief, and we denied a COA and dismissed his appeal.

In 2016, we granted Mr. Shaw authorization to file a second § 2255 motion to assert a claim for relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Johnson* voided, in part, the definition of a qualifying "violent felony" used for sentence enhancement under the Armed Career Criminal Act (ACCA). *Id.* at 2563. The Supreme Court held that the "residual clause" in the definition—covering crimes "involv[ing] conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii)—violated the constitutional prohibition against vague criminal laws. *Johnson*, 135 S. Ct. at 2557, 2563. It held that an increased sentence based on the ACCA's residual clause therefore violates a defendant's right to due process. *Id.* In *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), the Court made *Johnson*'s holding retroactive to cases on collateral review.

We granted Mr. Shaw authorization to challenge his career-offender sentence in a second § 2255 motion because this court had extended *Johnson*'s holding to identical residual-clause language previously used to define a "crime of violence" in USSG § 4B1.2(a)(2). *See United States v. Madrid*, 805 F.3d 1204, 1210-11 (10th Cir. 2015), *abrogated by Beckles v. United States*, 137 S. Ct. 886 (2017); *In re Encinias*, 821 F.3d 1224, 1226 (10th Cir. 2016) (holding a challenge to application of the residual clause in § 4B1.2(a)(2) was "sufficiently based on *Johnson* to permit

2

authorization under § 2255(h)(2)"). Mr. Shaw argued in his motion that his sentence had been unlawfully enhanced based on two previous convictions for bank robbery and armed robbery that qualified as crimes of violence under the residual-clause definition in § 4B1.2(a)(2).

The district court granted the government's motion to stay the proceedings on Mr. Shaw's § 2255 motion pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). Like Mr. Shaw, the petitioner in *Beckles* sought to invalidate his sentence to the extent that it was based on § 4B1.2(a)(2)'s residual clause. *See id.* at 891. Contrary to our decision in *Madrid*, the Supreme Court rejected the petitioner's claim that the career-offender residual clause is void for vagueness under the reasoning in *Johnson. See id.* at 895. The Court distinguished its holding in *Johnson*, explaining:

> Unlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Id*. at 892.

In light of the Supreme Court's decision in *Beckles,* the district court dismissed Mr. Shaw's § 2255 motion as untimely. It concluded that *Beckles* foreclosed his claim based on a new rule of constitutional law; therefore, his time to file his motion was not extended under 28 U.S.C. § 2255(f)(3). Consequently, his motion was timely pursuant to § 2255(f)(1) only if he filed it within one year of the

3

date on which his judgment of conviction became final. According to the district court, Mr. Shaw's second § 2255 motion filed in 2016 was therefore untimely. The court dismissed the motion and denied a COA.

## II.    Discussion

Mr. Shaw must obtain a COA to pursue an appeal. *See United States v. McKenzie*, 803 F.3d 1164, 1164 (10th Cir. 2015) (denying a COA to appeal dismissal of § 2255 motion as time-barred); *see also* 28 U.S.C. § 2253(c). We liberally construe his pro se opening brief and application for a COA. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002). Because the district court's ruling rested on procedural grounds, Mr. Shaw must show *both* "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

We deny a COA. Although reasonable jurists would debate the district court's determination that Mr. Shaw's motion was untimely, they would not find it debatable that his motion fails to state a valid claim of the denial of a constitutional right because Mr. Shaw's claim under *Johnson* is foreclosed by the Supreme Court's decision in *Beckles*.

4

## A.    Reasonable Jurists Would Debate Whether Mr. Shaw's Motion was Untimely

As relevant here, a motion filed under § 2255 is timely if it is filed within one year of either "the date on which the judgment of conviction becomes final," § 2255(f)(1), or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," § 2255(f)(3).  The district court held that Mr. Shaw's motion was untimely under both of these provisions.  But that determination is debatable under our recent decision in *United States v. Snyder*, 871 F.3d 1122 (10th Cir. 2017).

The district court in *Snyder* held that a § 2255 motion was untimely under § 2255(f)(3) because the prisoner did not have a meritorious claim under *Johnson*. *Id.* at 1126-27.  We held that the court had misconstrued the statute, which "[b]y its plain language . . . allows a § 2255 motion to be filed within one year of 'the date on which the right *asserted* was initially recognized by the Supreme Court.'"  *Id.* at 1126 (quoting 28 U.S.C. § 2255(f)(3)).  Construing "assert" as meaning "to invoke or enforce a legal right," we held that a motion is timely under § 2255(f)(3) if it "invoke[s] the newly recognized right, regardless of whether or not the facts of record ultimately support the movant's claim."  *Id.* (brackets and internal quotation marks omitted).  And because the prisoner in *Snyder* had asserted in his motion that his ACCA sentence was no longer valid under *Johnson*, his motion was timely if filed within one year of that decision.  *Id.*

Here, Mr. Shaw also invoked the newly recognized right in *Johnson*. He argued in his § 2255 motion that his career-offender sentence—which was based on residual-clause language identical to the language invalidated in *Johnson*—was illegal. *Johnson* was decided on June 26, 2015; Mr. Shaw filed his § 2255 motion on June 20, 2016. Under *Snyder*, reasonable jurists would debate whether the district court correctly dismissed Mr. Shaw's motion as untimely under § 2255(f).

**B.** **Reasonable Jurists Would Not Debate Whether Mr. Shaw's Motion States a Valid Claim of the Denial of a Constitutional Right**

Even if the district court's procedural ruling is debatable, we may not grant a COA unless Mr. Shaw has also shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484. "In reaching this determination, we will not delve into the merits of the claim, but instead will determine only whether the petitioner has facially alleged the denial of a constitutional right." *Fleming v. Evans*, 481 F.3d 1249, 1259 (10th Cir. 2007); *see also Dulworth v. Evans*, 442 F.3d 1265, 1266 (10th Cir. 2006) (deciding based on a quick review of the merits that a prisoner's claim debatably states a valid claim of the denial of a constitutional right).

Applying the two-part *Slack* test applicable to procedural rulings, we have denied a COA where there was no reasonable basis to debate that a § 2255 motion failed to state a valid claim of the denial of a constitutional right. *See United States v. Springfield*, 337 F.3d 1175, 1177-79 (10th Cir. 2003) (denying a COA because the prisoner's ex post facto claim was meritless based on Supreme Court precedent and

6

consistent circuit court rulings); *see also English v. Cody*, 241 F.3d 1279, 1282-83 (10th Cir. 2001) (denying a COA, in part, because the prisoner's suggestive identification claim in his habeas petition failed under Supreme Court precedent). Here, a quick review of the merits of Mr. Shaw's sole claim convinces us that the constitutional issue he seeks to raise on appeal is not "adequate to deserve further proceedings." *Fleming*, 481 F.3d at 1259. He asserts in his § 2255 motion that his career-offender sentence is invalid under *Johnson*. But that claim is foreclosed by the Supreme Court's decision in *Beckles*, which held that, unlike the ACCA, the discretionary Sentencing Guidelines "are not subject to a vagueness challenge under the Due Process Clause." 137 S. Ct. at 892. Consequently, Mr. Shaw has not shown that he is entitled to a COA.

## III. Conclusion

We deny a COA and dismiss the appeal.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

7