UNITED STATES COURT OF APPEALS February 5, 2019

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RISHEEN DANIEL ROBINSON,

Defendant - Appellant.

No. 18-3126
(D.C. Nos. 5:10-CR-40037-DDC-1 &
5:13-CV-04099-RDR)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.

Risheen Daniel Robinson, an inmate in federal custody proceeding pro se,[1]

requests a certificate of appealability ("COA") to appeal from (1) a district court

order denying his motion under Federal Rule of Civil Procedure ("Rule") 59(e),

which had sought to amend an order denying him relief under Rule 60(b), and

(2) the underlying Rule 60(b) ruling, which denied him relief from an order

---

[*] This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Robinson appears pro se, we afford his filings a liberal construction, but we refrain from serving as his advocate. *See, e.g.*, *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010); *Ford v. Pryor*, 552 F.3d 1174, 1178 (10th Cir. 2008).

denying his 28 U.S.C. § 2255 motion. Mr. Robinson also moves to proceed *in forma pauperis* ("IFP") in this appeal.

Exercising jurisdiction under 28 U.S.C. § 1291, we deny Mr. Robinson's request for a COA and dismiss this matter. However, we do grant Mr. Robinson's request to proceed IFP.

## I

In 2010, Mr. Robinson was convicted of distributing a controlled substance in violation of 21 U.S.C. § 841(a)(1). The Probation Office prepared a Presentence Investigation Report ("PSR"), which recommended applying the career-offender enhancement of United States Sentencing Guidelines ("Guidelines") § 4B1.1 based on four prior convictions under Kansas law. Mr. Robinson objected to the recommendation on due process grounds and under the Eighth Amendment, but the district court designated Mr. Robinson a career offender and sentenced him to 262 months' imprisonment.

On direct appeal, Mr. Robinson argued that the evidence supporting his conviction was insufficient and that his sentence was substantively unreasonable, but a panel of this court rejected those challenges. *United States v. Robinson*, 437 F. App'x 733, 735 (10th Cir. 2011) (unpublished). In doing so, the panel specifically observed that "Mr. Robinson doesn't dispute that he qualifies as a 'career offender' under the [G]uidelines." *Id.* The Supreme Court denied Mr.

Robinson a writ of certiorari on January 9, 2012. *See Robinson v. United States*, 565 U.S. 1136, 1136 (2012).

In August 2013, Mr. Robinson filed a § 2255 motion arguing that his state convictions did not qualify as career-offender predicate convictions. The district court denied the motion on several grounds. First, it ruled that the motion was untimely because more than one year had passed between Mr. Robinson's conviction becoming final and the motion's filing. Second, it ruled that Mr. Robinson's claims were procedurally defaulted for failure to raise them on direct appeal and that he had not shown cause or prejudice to excuse the default or the possibility of a fundamental miscarriage of justice if the default was not excused. Third, it rejected the motion on the merits, observing particularly that the PSR had been re-numbered during amendments and, as a result, Mr. Robinson's arguments concerned convictions that were not actually used as predicate convictions. The district court reviewed the PSR, finding that it listed one Kansas aggravated-robbery conviction and three Kansas convictions for possession of illegal drugs with the intent to distribute. The district court ruled that any two of these felony convictions would have been sufficient to designate Mr. Robinson a career offender. Mr. Robinson appealed from the district court's ruling, but his appeal was dismissed for failure to prosecute.

Years later, in July 2017, Mr. Robinson filed a Rule 60(b) motion asking

the district court to set aside its order denying his § 2255 motion. He argued that, in connection with the filing of his § 2255 motion, an inmate legal assistant had failed to raise two ineffective-assistance-of-counsel claims. These claims faulted his counsel at sentencing for failing to argue that (1) he previously had been sentenced on all of his predicate drug convictions on the same day, and, consequently, they counted at most as a single predicate conviction; and (2) *none* of his drug convictions were proper predicate convictions because the statutes under which he was convicted criminalized a mere offer to sell controlled substances. His argument concerning the date of the predicate convictions was based on the district court's correction, in February 2017, of the date of one conviction listed in the PSR. The Rule 60(b) motion also claimed in passing that the inmate legal assistant's inadequate assistance had caused the § 2255 motion to be untimely filed.

The Rule 60(b) motion relied significantly on the Supreme Court's opinions in *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 569 U.S. 413 (2013), which essentially held—in habeas proceedings concerning state convictions—that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 566 U.S. at 9; *see also Trevino*, 569 U.S. at 417 (extending "the *Martinez* exception" to apply not only where a state

4

system *requires* ineffective-assistance claims to be raised on collateral review, as in *Martinez*, but also to situations where a state system's "structure and design" make it "virtually impossible" for such claims to be presented on direct review).

However, the district court ruled that, although the motion was a "true" Rule 60(b) motion (rather than a disguised successive § 2255 motion), it failed. The court first stated that Mr. Robinson could not use a Rule 60(b) motion as a substitute for an appeal from the denial of his § 2255 motion. The court also found that Mr. Robinson could have raised his ineffective-assistance claims during direct appeal. Further, the court ruled that its correction of the PSR did not affect the timeliness of the § 2255 motion, stating that the timeliness analysis was a function only of the date of the § 2255 motion and the date when Mr. Robinson's conviction became final. Finally, the court opined that inadequate legal assistance from an inmate in litigating a § 2255 motion was not an extraordinary circumstance that might permit relief under Rule 60(b)(6), *see Buck v. Davis*, --- U.S. ----, 137 S. Ct. 759, 777–78 (2017) ("[R]elief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'" (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005))), noting particularly that there is no right to counsel in collateral proceedings, *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). In the course of its decision, the district court rebuffed Mr. Robinson's invitation to rely on *Martinez* and *Trevino*, finding those cases to be inapposite.

5

In 2018, Mr. Robinson filed a Rule 59(e) motion requesting that the district court alter its Rule 60(b) ruling. He argued that his Rule 60(b) motion was not a "substitute" for an appeal but instead challenged a "defect in the integrity of the prior habeas proceedings." R., Vol. III, at 19 (Mot. to Alter or Amend J., filed Jan. 2, 2018) (capitalization altered). He also contended that the district court erred in ruling that *Martinez* and *Trevino* did not apply, especially in light of the Tenth Circuit's "strong policy" against deciding ineffective-assistance claims on direct appeal. *See id.* at 26; *see also United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) ("Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed.").

The district court denied the motion on largely the same grounds that it had denied Rule 60(b) relief, ruling that Mr. Robinson's Rule 59(e) motion repackaged the same arguments. The district court stated that Mr. Robinson "continue[d] to misapply" *Martinez* and *Trevino* to his § 2255 proceedings, which were neither "initial-review collateral proceedings" nor "their functional equivalent." R., Vol. III, at 42 (Order, dated June 6, 2018). Mr. Robinson timely filed a notice of appeal, and, following a limited remand, the district court denied

6

a COA.[2]

## II

## A

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), a COA is a jurisdictional prerequisite to this court's review of a

"final order" in a § 2255 proceeding. *See* 28 U.S.C. § 2253(c)(1)(B); *see also*

*Gonzalez v. Thaler*, 565 U.S. 134, 142 (2012) (discussing, inter alia, the "clear"

jurisdictional language in § 2253(c)(1)). Where a district court rests its order

denying a § 2255 motion on procedural grounds, then a prisoner is entitled to a

COA to challenge the order "when the prisoner shows, at least, that jurists of

reason would find it debatable whether the petition states a valid claim of the

denial of a constitutional right *and* that jurists of reason would find it debatable

whether the district court was correct in its procedural ruling." *Slack v.*

---

[2] We note that we have jurisdiction to review both the Rule 60(b) and Rule 59(e) rulings. The district court denied Rule 60(b) relief in an order entered on the docket on December 4, 2017. Mr. Robinson's Rule 59(e) motion was timely filed on January 2, 2018, the first business day after New Year's Day, *see* FED. R. CIV. P. 6(a)(1), 6(a)(6); FED. R. CIV. P. 59(e), and the sixty-day notice-of-appeal deadline as to both rulings thus "r[an] . . . from" the entry of the June 6, 2018 order disposing of the Rule 59(e) motion. *See* FED. R. APP. P. 4(a)(4)(A)(iv), 4(a)(4)(B)(ii); R. GOVERNING SECTION 2255 PROCEEDINGS FOR U.S. DIST. CTS. 11(b). Within that period, Mr. Robinson filed both a notice of appeal challenging the Rule 59(e) ruling and a combined brief and COA motion challenging the Rule 60(b) ruling. *See Smith v. Barry*, 502 U.S. 244, 248–49 (1992) (holding that document filed within notice-of-appeal period and providing notice of rulings a party seeks to appeal may serve as the "functional equivalent" of a notice of appeal).

*McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added); *see also United States v. McKenzie*, 803 F.3d 1164, 1164–65 (10th Cir. 2015) (applying *Slack* standard to denial of § 2255 motion).

As relevant here, this COA requirement applies to appeals from rulings on "true" motions under Rules 59(e) and 60(b) in § 2255 proceedings. *See Spitznas v. Boone*, 464 F.3d 1213, 1225 (10th Cir. 2006) (applying COA requirement to appeal from an order denying a Rule 60(b) motion in a § 2254 proceeding); *see also United States v. Tatum*, 613 F. App'x 770, 770 (10th Cir. 2015) (unpublished) ("We retain jurisdiction . . . to consider whether Tatum is entitled to a COA permitting review of the district court's denial of his Rule 59(e) motion."); *United States v. Cobb*, 307 F. App'x 143, 145 (10th Cir. 2009) (unpublished) (observing, in § 2255 proceeding, that *Spitznas*'s reasoning underlying COA requirement for appeal of Rule 60(b) ruling "applies equally to motions under Rule 59(e)").[3]

---

[3] A Rule 59(e) or 60(b) motion is more properly characterized as a second or successive request for habeas relief "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas*, 464 F.3d at 1215 (addressing Rule 60(b) motion); *see also United States v. Pedraza*, 466 F.3d 932, 933 (10th Cir. 2006) ("Rule 59(e) motions are subject to the same characterization."). In contrast, a "true" motion under these provisions (like Mr. Robinson's) (1) "challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application" or (2) "challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitznas*, 464 F.3d at

(continued...)

8

**B**

Mr. Robinson requests a COA to appeal from the district court's rulings on his Rule 59(e) and Rule 60(b) motions, arguing that the district court erred in ruling that *Martinez* and *Trevino* were inapposite. He relies principally on the Seventh Circuit's opinion in *Ramirez v. United States*, 799 F.3d 845 (7th Cir. 2015), to support the proposition that *Martinez* and *Trevino* apply in § 2255 proceedings. *See* Aplt.'s Opening Br. & COA Mot. at 1, 6, 8, 11, 16. He also argues that his underlying ineffective-assistance claim is "substantial" because his Kansas drug convictions are not proper career-offender predicate convictions. *Id.* at 14.

Mr. Robinson is not entitled to a COA. Even assuming that he has raised a debatable issue concerning the general applicability of *Martinez* and *Trevino* in § 2255 proceedings,[4] *Martinez*'s "narrow exception" was expressly limited to

---

[3](...continued)
1215–16; *Pedraza*, 466 F.3d at 932 (similarly distinguishing between "a second § 2255 motion" and "a 'true' Rule 59(e) motion"); *see also In re Pickard*, 681 F.3d 1201, 1206 (10th Cir. 2012) (cautioning against reading the language—"lead inextricably to a merits-based attack"—"too expansively"; in particular, it should *not* be read to say "that a motion is an improper Rule 60(b) motion if success on the motion would *ultimately* lead to a claim for relief under § 2255" (emphasis added)).

[4]     It should be remembered that *Martinez* and *Trevino* both involved a state prisoner seeking relief in federal court under 28 U.S.C. § 2254—not a federal prisoner pursuing relief under 28 U.S.C. § 2255, as here—and the alleged ineffectiveness of post-conviction counsel in those two cases arose in state post-

(continued...)

9

"establish[ing] cause for a prisoner's procedural default" in raising a claim of ineffective assistance of trial counsel. 566 U.S. at 9. And *Trevino* simply extended "the *Martinez* exception" to apply to additional, less formally restrictive collateral-review systems. 569 U.S. at 417. Mr. Robinson's § 2255 motion, however, was denied on a basis other than such procedural default; specifically, as relevant here, the motion was denied because it was untimely given that it was not filed within one year of Mr. Robinson's conviction becoming final. *See* 28 U.S.C. § 2255(f)(1); *see also United States v. Willis*, 202 F.3d 1279, 1280 (10th Cir. 2000) (holding that, in general, a conviction becomes final for purposes of filing § 2255 motion when the Supreme Court denies certiorari after direct appeal). While this limitations period can be equitably tolled, *see, e.g.*, *McKenzie*, 803 F.3d at 1165, courts applying the rubric of *Martinez* and *Trevino* in the state-habeas context have uniformly rejected the proposition that its "narrow" procedural-default exception pertains to a petition's timeliness. *See Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014) ("[T]he *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period."); *Shank v. Vannoy*, No. 16-30994, 2017 WL 6029846, at *2 (5th Cir. Oct.

_____

[4](...continued)
conviction proceedings, not federal proceedings, like here. We are content to assume *arguendo* that the applicability of the rubric of *Martinez* and *Trevino* in the § 2255 context is debatable by reasonable jurists.

10

26, 2017) (unpublished) ("*Martinez* considered whether ineffective assistance of counsel excuses procedural default . . . not whether it excuses late filing."); *Taylor v. Eppinger*, No. 16-4227, 2017 WL 5125666, at \*2 (6th Cir. June 2, 2017) (unpublished) ("Taylor cites only cases holding that ineffective assistance of counsel in state proceedings may provide cause to excuse procedural default. . . . But that principle is inapplicable here, where the limitations period is at issue[,] and procedural default is not." (citation to *Martinez* omitted)); *Bland v. Superintendent Greene SCI*, No. 16-3457, 2017 WL 3897066, at \*1 (3d Cir. Jan. 5, 2017) (unpublished) ("*Martinez* has nothing to with the governing statute of limitations and cannot excuse a failure to file within the limitations period.").

Indeed, after it issued *Ramirez*—upon which Mr. Robinson's *Martinez*/*Trevino* argument is primarily premised—the Seventh Circuit expressly declined to rule that *Martinez* and its progeny were relevant to a § 2255 movant's timeliness arguments. *See Lombardo v. United States*, 860 F.3d 547, 558–61 (7th Cir. 2017) (declining to "recognize *Martinez*'s framework as a means of establishing extraordinary circumstances for the purposes of equitable tolling," rejecting movant's argument that *Ramirez* could be used to "bridg[e] the gap," and requiring showing of "abandonment or egregious attorney misconduct" to obtain equitable tolling), *cert. denied*, 138 S. Ct. 1032 (2018). Mr. Robinson provides no argument undercutting this reasoning: certainly, it cannot be argued

11

that *Martinez/Trevino* expressly addressed timeliness or tolling. More specifically, Mr. Robinson has provided us with no reason to believe that *Martinez*'s "narrow exception" should be expanded to provide relief from AEDPA's limitations bar. Thus, Mr. Robinson cannot avail himself of the holdings of *Martinez* and *Trevino* on the question of whether his § 2255 motion was timely.

Furthermore, under the timeliness principles that ordinarily govern, it is patent that Mr. Robinson is not entitled to a COA with respect to the district court's orders denying his Rule 60(b) and Rule 59(e) motions. Under the circumstances here, in order for the district court's disposition of either motion to be debatable by reasonable jurists, Mr. Robinson ultimately must demonstrate that the court's underlying ruling on his § 2255 motion is (at least) reasonably debatable. That is because, through his Rule 60(b) and Rule 59(e) motions, Mr. Robinson effectively seeks to resuscitate his § 2255 motion by calling into question the denial of that motion. If, however, the district court's rejection of his § 2255 motion as untimely is beyond debate by reasonable jurists, its rejection of his subsequent Rule 60(b) and Rule 59(e) motions must be as well: the district court's § 2255 ruling would stand as a plain procedural bar to any substantive relief that Mr. Robinson hopes to secure by upending that ruling through his subsequently filed Rule 60(b) and Rule 59(e) motions. *See Davis v. Roberts*, 425

12

F.3d 830, 834 (10th Cir. 2005) (noting that "we may deny a COA if there is a plain procedural bar to habeas relief"); *see also United States v. Gomez-Alvarez*, 554 F. App'x 749, 751 (10th Cir. 2014) (unpublished) (refusing to issue a COA to appeal from the denial of a Rule 59(e) motion because "the portions of the filing that arguably attacked the validity of the § 2255 proceeding were meritless," and so "[n]o reasonable jurist could debate the decision to deny those portions of the filing or, in the alternative, to dismiss them"). And we conclude that in fact the court's rejection of Mr. Robinson's § 2255 motion—specifically, on the procedural ground of timeliness—is beyond debate by reasonable jurists.

After his direct appeal, the Supreme Court denied a writ of certiorari on January 9, 2012, but Mr. Robinson's § 2255 motion was not filed until August 2013—i.e., more than one year later. Therefore, this motion was facially untimely. Indeed, Mr. Robinson's Rule 59(e) motion acknowledged that "[a]t no point in his [Rule] 60(b) [motion] did Mr. Robinson dispute the *clear fact* that his initial [§] 2255 [motion] was untimely." R., Vol. III, at 22 (emphasis added).

Mr. Robinson contends that an inmate legal assistant "misinformed [him]," in an unspecified way, of the time he had to file his initial § 2255 motion and "further failed to meet the deadline," Aplt.'s Opening Br. & COA Mot. at 6–7, but these vague allegations fall far short of extraordinary circumstances that might cast the district court's timeliness ruling into doubt. *See Sigala v. Bravo*, 656

F.3d 1125, 1128–29 (10th Cir. 2011) (observing that litigant seeking equitable tolling must show, *inter alia*, that "extraordinary circumstances" stood in his way, and a "'garden variety claim of excusable neglect' is not enough" (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990))); *see also Dominguez v. Hatch*, 440 F. App'x 624, 626 (10th Cir. 2011) (unpublished) ("Equitable tolling may be applied when the attorney misrepresents a filing deadline in a particularly egregious way, or deliberately hides information from his client in order to cover up his misdeeds. But a miscalculation or misinterpretation of the statutory provision regarding the limitation period, with nothing more, does not rise to the level of misconduct that would justify equitable tolling." (citations omitted)); *Gunderson v. Abbott*, 172 F. App'x 806, 810 (10th Cir. 2006) (unpublished) (observing that attorney error is generally not a basis for equitable tolling and that the argument for error was "even less compelling" where habeas petitioner never formally retained counsel but simply attempted to solicit advice from public defender).

Similarly unavailing is Mr. Robinson's contention that his motion should be deemed timely because "an inmate legal assistant is the equivalent of 'no counsel,'" Aplt.'s Opening Br. & COA Mot. at 13; this argument fails because pro se status and ignorance of the law do not give rise to equitable tolling. *See, e.g.*, *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (characterizing this

14

proposition as "well established"); *cf. Valles v. Hansen*, 743 F. App'x 162, 164 (10th Cir. 2018) (unpublished) ("We have also repeatedly enforced the one-year limitations period against pro se petitioners in the absence of equitable tolling, even if counseled petitioners are better equipped to comply with the time limit.").[5]

Thus, Mr. Robinson has done nothing to undercut the timeliness analysis that led the district court to deny his § 2255 motion. In other words, Mr. Robinson has not demonstrated that the district court's procedural rejection of his § 2255 motion is reasonably debatable. Consequently, Mr. Robinson cannot fare any better here with respect to his Rule 60(b) and Rule 59(e) motions—which seek to resuscitate his § 2255 motion. More specifically, Mr. Robinson has not shown that reasonable jurists would debate the district court's resolution of those two motions. Therefore, we deny Mr. Robinson's request for a COA and dismiss this matter.

## III

We also consider Mr. Robinson's motion for IFP status. In order to

---

[5] We note that Mr. Robinson argued in district court that he was not aware of "the issue" raised in his Rule 60(b) motion until the district court corrected the PSR earlier in the same year. *See* R., Vol. III, at 21. Although the start of the limitations period may sometimes be delayed due to the discovery of new facts, it is delayed only through "the date on which the facts . . . *could have been discovered through the exercise of due diligence*." 28 U.S.C. § 2255(f)(4) (emphasis added). Even if Mr. Robinson's argument—which was made only in the district court—were cognizable here, we would decline to examine its merits because Mr. Robinson has never addressed the import of the due-diligence standard for his case, and we will not serve as his advocate.

15

proceed IFP on appeal, Mr. Robinson must make a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)).  Although Mr. Robinson is not entitled to a COA, his arguments are not so thoroughly frivolous that IFP status should be denied.  We according grant Mr. Robinson's IFP motion.

## IV

For the foregoing reasons, we **DENY** Mr. Robinson's application for a COA and **DISMISS** this matter.  We **GRANT** his motion to proceed IFP.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge

16